NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWIN L. PATILLO, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil Action No. 08-2478 (RBK) |
| v. | : | **O P I N I O N** |
| GERARD L. GORMLEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    EDWIN L. PATILLO, #162734
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Atlantic City, New Jersey 08330
    Petitioner Pro Se

**KUGLER, District Judge:**

    Edwin L. Patillo filed a Petition and an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from the Atlantic County Justice Facility. Having thoroughly reviewed Petitioner's submissions, this Court summarily dismisses the Petition, as amended, see 28 U.S.C. § 2254 Rules 1(b), 4, without prejudice to the filing of a second amended petition.

**I. BACKGROUND**

    Petitioner asserts the following facts. On September 11, 2005, Egg Harbor police officers arrested him on a (state) warrant referencing alleged stolen check incidents at several Commerce

Bank locations. Petitioner alleges that he posted bail on these (state) charges and was released on September 20, 2005. Petitioner asserts that on March 6, 2006, he was indicted on states charges regarding the alleged stolen checks.

Petitioner states that on May 17, 2006, United States Marshals arrested him on federal drug conspiracy charges. See United States v. Patillo, Crim. No. 06-0611 (RBK) arrest warrant returned (D.N.J. May 18, 2006). Petitioner asserts that he was held at the Federal Detention Center in Philadelphia pursuant to the federal arrest warrant, but he appeared before the Superior Court of New Jersey on several occasions. The United States filed an indictment on August 9, 2006, a superseding indictment on September 20, 2006, and a second superseding indictment on January 9, 2007. Id. On May 11, 2007, a federal jury convicted Petitioner of one count of conspiracy to distribute or to possess with intent to distribute five or more grams of crack cocaine and three counts of distribution or possession with intent to distribute five or more grams of crack cocaine. Id. Because Petitioner filed an interlocutory appeal which is pending before the United States Court of Appeals for the Third Circuit, see United States v. Patillo, C.A. Docket No. 07-4143 (3d Cir. docketed Oct. 26, 2007), on January 11, 2007, this Court adjourned sentencing without date pending disposition of the appeal.

Petitioner asserts that on April 14, 2008, he was transferred from the Federal Detention Center in Philadelphia to the Atlantic County Justice Facility. He finally alleges:

> Petitioner respectfully request[s] that the government provide documentation by way of affidavit/declaration affirming its jurisdiction over the matter of US v. Patillo 06-611-001 and that if the government may not provide such documentation that this Honorable Court not proceed further with this captioned matter (06-611-001) adjudicating matter releasing the Petitioner.

> Petitioner encloses supporting document exhibit FBP which confirms he is not a federal inmate, therefore Petitioner respectfully request[s] that this Honorable Court set an order to the Acting Warden . . . of ACJF . . . to release the Petitioner, Edwin L. Patillo from illegal restraints.
>
> Petitioner asserts th[at] his constitutional rights ha[ve] been clearly violated and that such violation points to his actual innocence. Petitioner violated no conditions of bail or any orders by the Superior Court of New Jersey, therefore no "contempt of court" order should have been imposed by Judge James Isman, JSC.

(Am. Pet. ¶¶ 3-5.)

Petitioner does not explain the factual circumstances or legal basis for his transfer to the Atlantic County Justice Facility. He does not set forth grounds for relief and he does not state the facts supporting each ground for relief. Nor does Petitioner indicate whether his petition challenges restraints on his liberty imposed by federal or state authorities.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) provides:

> **Form**. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 cases through Rule 1(b).

3

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); United States v. Dawson, 857 F. 2d 923, 928 (3d Cir. 1988) (same).

The Supreme Court recently explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
>   A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ

> should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III. DISCUSSION

Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 2241, which provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court under § 2241(c)(3), the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The face of the Petition, as amended, indicates that Petitioner satisfies the status requirement because he asserts that he is detained at the Atlantic County Justice Facility.[1] Whether Petitioner satisfies the substance requirement is a closer question. In Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745 (3d Cir. 2003), a state prisoner filed a

---

[1] However, the Petition does not indicate whether he challenges his detention in the custody of state or federal authorities.

"Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition. Id. at 747.  The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel.  Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and it contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more specific pleading or to notify him before dismissing the motion.  The District Court denied the motion.  The United States Court of Appeals for the Third Circuit granted a certificate of appealability.  The Court of Appeals found that Anderson's allegations "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or controversy and invoke the court's jurisdiction."  Id. at 749.  Nevertheless, the court concluded that the District Court did not err by failing to recharacterize the motion as a § 2254 petition or failing to provide notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F. 3d 644, 649-52 (3d Cir. 1999), because the petitioner's submission did not sufficiently state a claim for relief under Habeas Rule 2(c), and would therefore have been subject to summary dismissal under Habeas Rule 4:

> We further conclude that the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under Miller and Mason where Anderson did

6

>not sufficiently state a claim for relief.  If the District Court had recharacterized the motion, it was subject to summary dismissal. See United States v. Thomas, 221 F. 3d 430, 438 (3d Cir. 2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. Appx. at 749.

The Petition and Amended Petition filed in this case give this Court subject matter jurisdiction because Petitioner is "in custody" and he asserts that "his constitutional rights ha[ve] been clearly violated." (Am. Pet. ¶ 5.)  However, like the application in Anderson, the Petition in this case, as amended, is subject to dismissal pursuant to Habeas Rule 4 because it does not sufficiently state a claim for relief under § 2241, as required by Habeas Rule 2(c).  See Anderson, 82 Fed. Appx. at 749; Thomas, 221 F. 3d at 348.  Specifically, the Petition, as amended, fails to specify the grounds for habeas relief, and fails to state the facts supporting each ground.  This Court will accordingly dismiss the petition without prejudice to the filing of an amended petition which sets forth the grounds for habeas relief, the facts supporting each ground, and the relief requested.

### IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition without prejudice to the filing of an amended petition.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:         July 14    , 2008